IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TERRY ARNOLD MESSER,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 4:18-CV-9 TS<br>Criminal Case No. 2:13-CR-128 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner Terry Arnold Messer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I. BACKGROUND

Petitioner was charged on February 28, 2013, with one count of distribution of methamphetamine. A Superseding Indictment was filed on April 24, 2013. Petitioner pleaded guilty on August 15, 2013, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Prior to sentencing, a Presentence Report was prepared. The Presentence Report determined that Petitioner qualified as a career offender based on three prior convictions: (1) a 1996 conviction for distribution of a controlled substance; (2) a 2000 conviction for possession of a controlled substance within a correctional facility; and (3) a 2001 conviction for operation of a clandestine laboratory.

1

On November 7, 2013, the Court accepted the plea agreement and, in accordance with that agreement, imposed a sentence of 240 months. Judgment was entered on November 13, 2013.

Petitioner did not file a direct appeal. However, Petitioner filed a Petition for Writ of Error Coram Nobis on June 18, 2014. Petitioner then filed a § 2255 motion on June 19, 2014, and requested the Court construe his Petition for Writ of Error Coram Nobis as a § 2255 motion.

Petitioner later sought dismissal of his § 2255 Motion. The Court granted that request and dismissed Petitioner's original § 2255 Motion without prejudice on October 21, 2014.

Petitioner has now filed the instant Motion, again requesting relief under § 2255. Petitioner's Motion is dated March 20, 2018, and was received by the Court on April 3, 2018. Petitioner asserts that his counsel was ineffective during the pretrial, plea, sentencing, and direct appeal process. In particular, Petitioner takes issue with counsel's failure to object to Petitioner's classification as a career offender and argues that he is actually innocent of the 2001 conviction for operation of a clandestine laboratory.

## II. DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[1] 28 U.S.C. § 2255(f) provides,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

Judgment was entered in this case on November 13, 2013. Petitioner did not file a direct appeal. Petitioner's conviction thus became final under § 2255(f)(1) when the time to file a direct appeal expired.[3] Petitioner did not submit his Motion until March 2018, over four years after his conviction became final.

Petitioner cites to 28 U.S.C. § 2255(f)(4) in support of his argument that his Motion is timely. That provision begins the one-year limitations period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner argues that on March 31, 2017, he obtained documentation to support his claim that he was actually innocent of one of the career offender predicate offenses, namely the 2001 conviction for operation of a clandestine laboratory. Petitioner included with his Motion an order from Utah State Court dated March 31, 2017, which agreed to change the information on the National Crime Information Center ("NCIC") database to accurately reflect the judgment issued in the state court case. Petitioner uses this information to attempt to demonstrate that he should not have qualified as a career offender because he was not actually convicted of operating a clandestine laboratory as reflected in the Presentence Report, but was instead convicted of unlawful possession of laboratory equipment or supplies.

---

[2] 28 U.S.C. § 2255(f).

[3] *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").

A review of the record reveals that Petitioner knew that he was not convicted of operation of a clandestine laboratory well before March 31, 2017. In his Motion, Petitioner states that he informed his counsel of this fact during meetings that occurred in June and July 2013.[4] Petitioner also argued in his initial § 2255 Motion, which was filed in June 2014, that his possession of laboratory equipment or supplies was not a predicate crime for an enhancement under 21 U.S.C. § 851.[5] This demonstrates that Petitioner knew of the factual basis for the claim well before March 31, 2017.

Petitioner contends that he did not receive proof to support his argument until he received documents from the state court. It is unclear what documents Petitioner is referring to. Assuming Petitioner is referencing the March 31, 2017 order from the state court, it does nothing to assist Petitioner with his claim. It does not vacate his prior conviction or otherwise amend the state court judgment, which was entered in March 2005. It merely agrees that Petitioner's prior conviction should be changed on the NCIC database to accurately reflect the state court judgment. To the extent that Petitioner is referring to other documents, he has failed to demonstrate that he diligently sought them from the state court during the years after his conviction became final. Finally, the documents received from the state court relate only to Petitioner's argument that he did not qualify as a career offender. This is only one of the many claims raised in the instant Motion. Petitioner has failed to demonstrate how the state court documents he allegedly received on March 31, 2017, save the bulk of his untimely claims.

---

[4] Docket No. 1 Ex. C at 3 ("I responded to [counsel] . . . that I was not convicted for Operation of Clandestine Laboratory, but for Unlawful Possession of Laboratory Equipment or Supplies.").

[5] Case No. 2:14-CV-472 TS, Docket No. 1, at 10.

Based upon these facts, the Court concludes that Petitioner's motion is not timely under § 2255(f)(4).

Petitioner also argues that his claims are not time barred because he is actually innocent. The time bar set out in § 2255(f) is subject to equitable tolling in certain circumstances, including when a prisoner is actually innocent.[6] Petitioner does not argue that he is actually innocent of the crime of conviction. Rather, Petitioner argues that he is actually innocent of the career offender enhancement because his prior convictions were not controlled substance offenses as defined by the Guidelines. Petitioner also argues that he is actually innocent of one of the offenses used to support the career offender enhancement. In particular, Petitioner asserts that he was not convicted of operating a clandestine laboratory, as noted in the Presentence Report, but was actually convicted of unlawful possession of laboratory equipment or supplies.

Petitioner's arguments fail. To the extent that Petitioner is arguing that his prior convictions do not qualify as predicate offenses justifying the application of the career offender enhancement, "[t]his argument raises a claim of legal, rather than actual innocence, and thus makes no showing of actual innocence."[7]

Petitioner's argument that he was actually innocent of one of the crimes used to justify application of the career offender enhancement presents a more interesting issue, but Petitioner has failed to demonstrate that the misidentification of his prior conviction alters his status as a career offender. A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense is a felony that

---

[6] *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008).

[7] *United States v. Burks*, 643 F. App'x 757, 758 (10th Cir. 2016) (rejecting similar claim).

5

is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.[8] In this case, there is no question that the first two elements were met. Thus, the only question is whether Petitioner had at least two prior convictions for a controlled substance offense.

A controlled substance offense

means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.[9]

Petitioner's actual innocence argument relates solely to his 2001 conviction. The Presentence Report listed this as a conviction for operation of a clandestine laboratory. Petitioner has provided evidence that his conviction was actually for unlawful possession of laboratory equipment or supplies, not operation of a clandestine laboratory. The commentary to the Sentencing Guidelines provides that unlawfully possessing equipment with intent to manufacture a controlled substance is a controlled substance offense for purposes of the career offender enhancement.[10] The Second Amended Judgment for Petitioner's 2001 conviction demonstrates that he possessed laboratory equipment or supplies for the production of methamphetamine or methamphetamine base. Thus, regardless of the name, Petitioner's 2001 conviction was a controlled substance offense as defined by the Guidelines and their commentary. Therefore, the Court rejects Petitioner's actual innocence argument.

---

[8] United States Sentencing Guidelines ("USSG") § 4B1.1(a) (2012 ed.).

[9] USSG § 4B1.2(b).

[10] *Id.* Application Note 1.

## III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 4:18-CV-9 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 11th day of April, 2018.

BY THE COURT:

Ted Stewart
United States District Judge