IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TERRY ARNOLD MESSER,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br><br><br>Case No. 4:18-CV-9 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion for Reconsideration. For the reasons discussed below, the Court will deny Petitioner's Motion to the extent that it is a true motion for reconsideration and dismiss for lack of jurisdiction the remainder of Petitioner's Motion.

## I. BACKGROUND

Petitioner was charged on February 28, 2013, with one count of distribution of methamphetamine. A Superseding Indictment was filed on April 24, 2013. Petitioner pleaded guilty on August 15, 2013, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

On November 7, 2013, the Court accepted the plea agreement and, in accordance with that agreement, imposed a sentence of 240 months. Judgment was entered on November 13, 2013.

Petitioner did not file a direct appeal. However, Petitioner filed a Petition for Writ of Error Coram Nobis on June 18, 2014. Petitioner then filed a § 2255 motion on June 19, 2014, and requested the Court construe his Petition for Writ of Error Coram Nobis as a § 2255 motion.

Petitioner later sought dismissal of his § 2255 motion. The Court granted that request and dismissed Petitioner's original § 2255 motion without prejudice on October 21, 2014.

Petitioner filed a Motion on April 3, 2018, again requesting relief under § 2255. In that Motion, Petitioner asserted that his counsel was ineffective during the pretrial, plea, sentencing, and direct appeal process. The Court dismissed Petitioner's Motion as untimely on April 11, 2018. Petitioner now seeks reconsideration under Federal Rule of Civil Procedure 59(e).

## II. DISCUSSION

The Tenth Circuit Court of Appeals has provided the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[1] Rule 59(e) motions are subject to the same analysis.[2] The Court must first determine whether the motion is a true Rule 59(e) motion or a second or successive petition.[3]

> If the district court concludes that the motion is a true Rule [59(e)] motion, it should rule on it as it would any other Rule [59(e)] motion. If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the Tenth Circuit] for authorization . . . .[4]

A Rule 59(e) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[5]

> Conversely, it is a "true" [59(e)] motion if it either (1) challenged only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead

---

[1] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

[2] *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006).

[3] *Spitznas*, 464 F.3d at 1216.

[4] *Id.* at 1217.

[5] *Id.* at 1215.

inextricably to a merits-based attack on the disposition of a prior habeas petition.[6]

Under this analysis, the Court finds that Petitioner's Motion for Reconsideration has elements of both a true motion and a second or successive petition. Petitioner's Motion is a true motion to the extent that it challenges the Court's prior ruling that his § 2255 motion was untimely.[7] Having carefully reviewed Petitioner's arguments, the Court rejects them for substantially the same reasons stated in its prior order.

Petitioner also challenges the Court's ruling on the merits and reasserts his underlying claims. The Court construes this portion of Petitioner's Motion as a second or successive § 2255 motion since it reasserts a federal basis for relief from the underlying conviction. "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[8] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[9] However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[10]

---

[6] *Id.* at 1215–16 (citation omitted).

[7] *Id.* at 1216 ("[A] motion asserting that the federal district court incorrectly dismissed a petition . . . because of the statute of limitations constitutes a true [59(e)] motion.").

[8] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[9] *Id.* at 1251.

[10] *See* 28 U.S.C. § 1631.

The Tenth Circuit has delineated factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[11]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Petitioner's Motion. As explained in the Court's prior order, Petitioner's claims are time barred and lack merit.

## III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Reconsideration (Docket No. 4) is DENIED and DISMISSED FOR LACK OF JURISDICTION. Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 29th day of May, 2018.

BY THE COURT:

_____

Ted Stewart
United States District Judge

---

[11] *In re Cline*, 531 F.3d at 1251.